ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JAN 16 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN L. KIRTON, A/K/A BERNARD BROOKS | Criminal Indictment<br><br>No. **1:19 CR 0 2 2** |

THE GRAND JURY CHARGES THAT:

### Count One
### (Access Device Fraud)

1. On or about January 22, 2014, in the Northern District of Georgia and elsewhere, the defendant, KEVIN L. KIRTON a/k/a BERNARD BROOKS, aided and abetted by others known and unknown to the Grand Jury, did knowingly and with intent to defraud possess at least fifteen unauthorized access devices, namely, debit cards that could be used alone and in conjunction with another access device to obtain money, goods, services, and other things of value, and could be used to initiate a transfer of funds, and that were obtained with intent to defraud, affecting interstate commerce thereby, in violation of Title 18, United States Code, Sections 1029(a)(3) and (c)(1)(A)(i) and Section 2.

## Counts Two through Five
## (Aggravated Identity Theft)

2. On or about January 22, 2014, in the Northern District of Georgia and elsewhere, the defendant, KEVIN L. KIRTON a/k/a BERNARD BROOKS, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess, without lawful authority, the means of identification of another person, to wit, the names of other persons identified by their initials in the table below, during and in relation to committing the felony violation of access device fraud as alleged in Count One of this Indictment:

| Count | Victim |
|---|---|
| 2 | C.F. |
| 3 | J.G. |
| 4 | J.V. |
| 5 | J.B. |

All in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## Forfeiture Provision

3. Upon conviction of Count One of this Indictment, the defendant, KEVIN L. KIRTON A/K/A BERNARD BROOKS, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, and pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.  The property to be forfeited includes, but is not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One of this Indictment.

4. If, any of the property described above, as a result of any act or omission of a defendant: (i) cannot be located upon the exercise of due diligence; (ii) has been transferred or sold to, or deposited with, a third party; (iii) has been placed beyond the jurisdiction of the Court; (iv) has been substantially diminished in value; or (v) has been commingled with other property which cannot be divided without difficulty; the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2) and Title 28, United States Code, Section 2461(c).

A ____True____ BILL

____/s/____
FOREPERSON

BYUNG J. PAK
*United States Attorney*

____/s/____

SAMIR KAUSHAL
*Assistant United States Attorney*
Georgia Bar No. 935285

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303