# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | |
| ) CASE NUMBER: | |
| ) | |
| ) 1:19-CR-000222-WMR-JFK | |
| KEVIN L. KIRTON ) | |

## ADDITIONAL/SUPPLEMENTAL MOTION IN SUPPORT OF PREVIOUSLY FILED SUPPLEMENTAL MOTION TO SUPPRESS EVIDENCE FROM SEARCH WARRANT AND MOTION FOR FRANKS HEARING  (ECF. DOC 34)

COMES NOW, the Defendant in the above-styled action, by and through his undersigned counsel, and hereby files this Additional/Supplemental Motion in Support of Previously Filed Supplemental Motion (Ecf. Doc 34) for to support the previously filed Supplemental Motion to Suppress Evidence from search warrant and Motions for a Franks Hearing.  In support, the following is stated:

1. Defendant filed a Supplemental Motion and Brief in Support of Motion to Suppress Evidence obtained from Execution of a Search Warrant on January 22nd, 2014 and for a "Franks" hearing on Motion. (Ecf. Doc 34, Filed 8/15/2019).

2. Additionally, counsel filed a Motion to allow additional time to supplement the Motion filed as Ecf. Doc 34.

3. The additional time was requested to obtain the December 16th, 2013 mentioned in paragraph 50 of the affidavit and application for search warrant.

4. Government's counsel subsequently provided the audio recording for December 16th, 2013.

5. In paragraph 50 of the application for the warrant, the affiant stated the following:

   *"On 12/16///13, CI1 met with USSS agents to make a recorded telephone call to Kirton. During the conversation, Kirton discussed preparing the Microsoft Suface Pro 2 computer that CI1 gave him on 12/09/13. According to CI1, Kirton is preparing the computer so that CI1 will be able to use it in furtherance of their fraudulent tax return scheme. Kirton also discussed with CI1 the status of the fake driver's licenses that he made for CI1. Kirton told CI1 that fake driver's licenses were ready, he just needed to pick them up and would have them by Wednesday. "*

6. The audio recording referred to in paragraph 50 is approximately 4:39 minutes in duration.

7. During this audio recording, there is no mention by Kirton or CI1 (Apollo) of preparing the computer to use it in furtherance of their fraudlent tax return scheme. There is also no mention of any fake driver's licenses

whatsoever. Rather, the discussions on this audio recording had more to deal with storage capacity for movies and meeting at a club. The call begins with Apollo and Kirton talking about a text message and Kirton said he did not receive the text that Apollo asked about on the call. They talk about getting the unit that he dropped ready. Kirton stated ""I didn't take it out the box but I already know what I'm going to do with it, I was just showing you the other stuff in case you want me to put that on there to". Kirton talked about sharing movies and talked about the unit having 64gb and the importance of storage capacity. Kirton went on to compliment the movie player, and stating Apollo need more storage and he mentioned 128 gb for movie storage. Apollo mentions going to a party and invitations for the party.

Apollo: "Trying to figure when everybody is ready to go to the club"

Kevin: "Yea they are kind of ready I just didn't had time to link up with him" …

Apollo: "so can I tell him possibly by wed maybe"

Kevin: "Yep 100%

There is a further discussion about prices for network wiring for Apollo's business and Apollo mentioned a person who was handling that aspect of his business. In the recording, Kirton discusses prices and various options for the

network wiring. Kirton further told Apollo that he had sent a link for Apollo to review that had information about ten different options for network wiring. Apollo agrees to review that link. There is discussion of the pricing between $300 and $400 wherein Kirton suggested that it should be closer to $300 for the network wiring and Apollo said it may be closer to $400. They also discuss network peripheral devices. All these discussions are pertaining to network wiring for Apollo's business and in no way are codes or references to tax schemes or fake driver's licenses or any criminal activity.

## ARGUMENT

**The affidavit provided in support of the issuance of the search warrant contained intentionally or recklessly false or misleading statements or omissions in paragraph 50.**

The affiant states that Kirton and CI1 discuss setting up the laptop in furtherance of a tax return scheme. Yet, there is no mention of any such intent or activity during the audio recording of the call on December 16th, 2013. Furthermore, the affiant mentions that there is a discussion about fake driver's licenses. Again, at no time during the conversation is the driver's license mentioned nor any code words to suggest that there was a discussion of any fake driver's licenses.

Rather than relaying the true contents of the phone call which were discussions of having a device with sufficient storage for movies, discussions of

prices of network wiring and peripherals of computer equipment and discussions about a party invitation, the affiant chose to ignore mentioning the actual true content of the call. But, he stated things that were indications of an illegal activity during a call even though the call contained no such information.

    The affidavit submitted in the warrant application in this paragraph 50 clearly violates the standard of <u>Franks</u>. There are material misstatements and intentional omissions of relevant and critical evidence which would have defeated probable cause. These misstatements were either deliberately done with the intent to mislead or with reckless disregard for the truth. Counsel is prepared to prove the facts alleged in this motion in accordance with the arguments made and therefore requests that this Court would conduct a hearing pursuant to <u>Franks v. Delaware</u>, and to suppress any and all items seized pursuant to the search executed at 4735 Kent Road, College Park, Georgia 30337.

Respectfully submitted, This 26th day of August, 2019

                                /s/ Jay Shreenath
                                JAY I. SHREENATH
                                Attorney for Defendant
                                State Bar Number:629894

5193 Austell Road
Austell, Georgia 30106
678-467-4645
Fax:770-941-8869

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing pleading by CM/ECF system which will send notice of filing and pleading to:

Mr. Samir Kaushal
Assistant U.S. Attorney
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303

This 26th day of August, 2019

/s/ Jay Shreenath
_____
JAY I. SHREENATH
Attorney for Defendant
State Bar Number: 629894

5193 Austell Road
Austell, Georgia 30106
678-467-4645
Fax:770-941-8869