ORIGINAL

FILED IN CHAMBERS
U.S.D.C. - Atlanta
JAN 2 8 2020
James N. Hatten, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Kevin L. Kirton | First Superseding Criminal Indictment<br><br>No. 1:19-cr-00022-WMR-JFK |

The Grand Jury charges that:

## Count One
### (Access Device Fraud)

1. On or about January 22, 2014, in the Northern District of Georgia and elsewhere, the defendant, KEVIN L. KIRTON, aided and abetted by others known and unknown to the Grand Jury, did knowingly and with intent to defraud, possess at least fifteen unauthorized access devices, namely, debit cards that could be used alone and in conjunction with another access device to obtain money, goods, services, and other things of value, and could be used to initiate a transfer of funds, and that were obtained with intent to defraud, affecting interstate commerce thereby, in violation of Title 18, United States Code, Sections 1029(a)(3) and (c)(1)(A)(i) and Section 2.

## Counts Two through Five
### (Aggravated Identity Theft)

2. On or about January 22, 2014, in the Northern District of Georgia and elsewhere, the defendant, KEVIN L. KIRTON, aided and abetted by others known and unknown to the Grand Jury, did knowingly possess, without lawful authority, the means of identification, to wit, the names, of other persons, identified by their initials in table below, during and in relation to the federal felony of access device fraud, in violation of Title 18, United States Code, Section 1029(a)(3), as charged above in Count One:

| Count | Victim |
|-------|--------|
| 2     | C.F.   |
| 3     | J.G.   |
| 4     | J.V.   |
| 5     | J.B.   |

All in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## Counts Six through Seventeen
### (Bank Fraud)

3. Beginning on or about April 17, 2012, and continuing until on or about January 22, 2014, in the Northern District of Georgia and elsewhere, the defendant, KEVIN L. KIRTON, aided and abetted by others known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money, funds, credits, assets, securities, and other property owned by, and under the

2

control of a financial institution, GE Capital Retail Bank, the deposits of which were federally insured, by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material facts.

## Background

4. The Federal Deposit Insurance Corporation ("FDIC") is an independent agency created by Congress that insures the deposits of accountholders at member financial institutions.

5. GE Capital Retail Bank was a financial institution with deposits insured by the FDIC.

## The Scheme and Artifice to Defraud

6. To obtain money, the defendant, KEVIN L. KIRTON, used debit cards for bank accounts held in the names of other individuals that contained fraudulently obtained monies that were under the custody and control of GE Capital Retail Bank.

## Manner and Means

7. The defendant, KEVIN L. KIRTON, obtained GE Capital Retail Bank debit cards in the names of other individuals. The debit cards were linked to bank accounts that contained funds that were provided by the Internal Revenue Service as federal tax refunds.

8. The defendant, KEVIN L. KIRTON, used the debit cards to obtain funds from the bank accounts through, among other means, ATM withdrawals, money orders, and Square transactions.

## Execution of the Scheme

9. On or about the dates listed below, in the Northern District of Georgia and elsewhere, the defendant, KEVIN L. KIRTON, aided and abetted by others known and unknown to the Grand Jury, with intent to defraud, for the purpose of executing the aforesaid scheme and artifice to defraud, did cause the bank transactions identified below to occur to defraud and to obtain money, funds, credits, assets, securities, and other property owned by, and under the control of, a financial institution, GE Capital Retail Bank, the deposits of which were federally insured, by means of materially false and fraudulent pretenses, representations, promises, and omissions:

| Count | Date | Transaction |
|---|---|---|
| 6 | 8/23/2012 | Debit card transaction for an account held in the name of B.R., in the amount of $1,425.10, using a Square account for UPIT Systems LLC belonging to KEVIN L. KIRTON. |
| 7 | 10/4/2012 | Debit card transaction for an account held in the name of R.B., in the amount of $1,520.00, using a Square account for UPIT Systems LLC belonging to KEVIN L. KIRTON. |
| 8 | 10/5/2012 | Debit card transaction for an account held in the name of R.B., in the amount of $2,434.05, using a Square account for UPIT Systems LLC belonging to KEVIN L. KIRTON. |

| Count | Date | Transaction |
|---|---|---|
| 9 | 12/10/2012 | Debit card transaction for an account held in the name of S.P., in the amount of $936.55, to purchase a U.S. Postal Money Order. |
| 10 | 12/22/2012 | Debit card transaction for an account held in the name of L.B., in the amount of $1,000.69, to purchase a Western Union Money Order. |
| 11 | 1/30/2013 | Debit card transaction for an account held in the name of C.S., in the amount of $931.60, to purchase a U.S. Postal Money Order. |
| 12 | 2/7/2013 | Debit card transaction for an account held in the name of P.F., in the amount of $1,001.60, to purchase a U.S. Postal Money Order. |
| 13 | 2/27/2013 | $404.95 ATM transaction at a SunTrust Bank ATM for an account held in the name of D.B. |
| 14 | 2/28/2013 | Debit card transaction for an account held in the name of J.H., in the amount of $1,001.60, to purchase a U.S. Postal Money Order. |
| 15 | 2/28/2013 | Debit card transaction for an account held in the name of M.E., in the amount of $1,001.60, to purchase a U.S. Postal Money Order. |
| 16 | 11/13/2013 | $405.00 ATM transaction at a Wells Fargo Bank ATM for an account held in the name of J.V. |
| 17 | 1/6/2014 | $405.00 ATM transaction at a Wells Fargo Bank ATM for an account held in the name of A.M. |

All in violation of Title 18, United States Code, Section 1344 and Section 2.

## Forfeiture Provision

10. Upon conviction of Count One of this Indictment, the defendant, KEVIN L. KIRTON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, and pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense. The property to be forfeited includes, but is not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One of this Indictment.

11. Upon conviction of one or more of the offenses alleged in Counts Six through Seventeen of this Indictment, the defendant, KEVIN L. KIRTON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations. The property to be forfeited includes, but is not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts Six through Seventeen of this Indictment.

12. If, any of the property described above, as a result of any act or omission of a defendant: (i) cannot be located upon the exercise of due diligence; (ii) has been transferred or sold to, or deposited with, a third party; (iii) has been placed beyond the jurisdiction of the Court; (iv) has been substantially diminished in value; or (v) has been commingled with other property which cannot be divided without difficulty; the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by

7

Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2) and Title 28, United States Code, Section 2461(c).

A __TRUE__ BILL

_____
FOREPERSON

BYUNG J. PAK
*United States Attorney*

SAMIR KAUSHAL
*Assistant United States Attorney*
Georgia Bar No. 935285

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303